## Ex parte JACKSON.

No. A-11410.　July 26, 1950.

(220 P. 2d 835.)

Wallace & Collins, of Sapulpa, for petitioner.

G. B. Chuck Coryell, Co. Atty., Creek County, and W. L. Cheatham, Asst. Co. Atty., Bristow, for respondent.

BRETT, J. The petitioner, Billy Jackson, filed in this court his petition for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by Lee Johnson, sheriff of Creek county, Oklahoma.

He alleges that such restraint was by reason of his being charged with the crime of first degree rape in said

county, by complaint in the justice of the peace court of James A. Watson, justice of the peace in and for said county; that he was arraigned by said justice, pleaded not guilty, and said court refused to admit him to bail because he was charged with a capital offense. The preliminary examination was set originally for April 13, 1950 at 10:00 a. m., and was thereafter continued until April 27, 1950. Thereafter, and on the 19th day of April 1950, the petitioner presented his petition for a writ of habeas corpus to Honorable Herbert L. Arthurs, judge of the superior court of Creek county, Oklahoma, seeking to be released on bail pending his preliminary examination on said charge, and the said petition and writ was denied by said court.

Thereafter, and on April 24, 1950, the said Billy Jackson presented his petition for a writ of habeas corpus herein duly verified and detailing what he contends were the facts in relation to the alleged crime, and attached to said petition was the complaint, order of commitment, affidavit of Janice Jackson, petitioner's wife, the affidavit of Harold Hall.

To the said petition the State of Oklahoma made response, alleging that the writ should not be granted for the reason that the cause is pending on complaint before J. A. Watson, justice of the peace in Creek county, Oklahoma, on a charge of rape with force and violence against the will and without the consent of the prosecutrix, and in the first degree, and that the proof is evident and the presumption great as to the guilt of the defendant. Attached to said response are the affidavits of Betty Flood and Victoria Cooper. It is contended that the affidavits attached to his petition and his application are not sufficient to show that the proof

is not evident or the presumption great as to the commission of the acts charged.

As this cause will hereafter be tried, we refrain from commenting on the evidence.

An examination of the record herein submitted convinces us that this is a bailable case.

Upon the hearing before this court, an order was entered on April 24, 1950, granting the petitioner bail in the sum of $20,000 for his appearance for his preliminary examination, such bond to be approved by the justice of the peace before whom said complaint is pending.

JONES, P. J., and POWELL, J., concur.